UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
At COVINGTON

| | |
|---|---|
| **JUDY M. HANDSHOE** | : |
| | : |
| v. | : |
| | : |
| **THE ELEVANCE HEALTH** | : |
| **COMPANIES, INC.** | : **COMPLAINT WITH JURY DEMAND** |
| **220 Virginia Avenue** | : |
| **Indianapolis, IN 46204** | : |
| | : |
| **Serve:** **Registered Agent** | : |
| **CT Corporation System** | : |
| **306 W. Main Street, Suite 512** | : |
| **Frankfort, Kentucky 40601** | : |

Comes now the Plaintiff, Judy Handshoe, through counsel, and for her Complaint against Defendant states as follows:

**PARTIES AND JURISDICTION**

1. At all times relevant hereto, Plaintiff, Judy Handshoe, is a resident and citizen of Independence, Kenton County, Kentucky.

2. At all times relevant hereto, Defendant, The Elevance Health Companies, Inc. (hereinafter "Defendant"), is a foreign corporation registered to conduct business in the Commonwealth and is an "employer" and "person" within the meaning of 29 USC § 630(a) and (b), 42 U.S.C. § 2000e (a) and (b), and K.R.S. § 344.030(2) and K.R.S. § 344.010(1).

3. Original jurisdiction is appropriate in this Court based upon federal question jurisdiction, 28 U.S.C. § 1331, specifically in regards to violations of the Age Discrimination in Employment Act of 1967 and Title VII of the Civil Rights Act of 1964.

4. This Court has pendent jurisdiction over Plaintiff's Kentucky Civil Rights Act claims pursuant to 28 U.S.C. § 1367.

5. Venue is appropriate in the Eastern District of Kentucky as all or most of the relevant events at issue occurred in this district.

## FACTS RELEVANT TO ALL CLAIMS

6. Plaintiff was employed by Defendant from in or around July 2021 until her termination on or about June 29, 2023.

7. At all relevant times hereto, Plaintiff was an "employee" as that term is defined by 29 U.S.C. § 630(f), 42 U.S.C. § 2000e(f), and K.R.S. § 344.030(5)(a).

8. Plaintiff was initially hired by Defendant to be a Nurse Case Manager, working remotely from her home in Independence, Kentucky.

9. In or around February 2023, Plaintiff was promoted to Nurse Manager II, working under the direct supervision of Chris Corvino.

10. During the relevant time period, Plaintiff was a female over the age of 40.

11. After being promoted to the position of Nurse Manager II, Mr. Corvino regularly made harassing comments to and about Plaintiff based on her age, sex, sexuality, and religion, which created a hostile work environment. The following are examples of discriminatory comments made to and about Plaintiff on a regular basis:

- Mr. Corvino repeatedly stated that he would not have hired Plaintiff if he would have known how old she was.

- Mr. Corvino commented that she had to be a lesbian because she hung out with lesbians.

- Having been told Plaintiff regularly attended church and assuming Plaintiff was homosexual, Mr. Corvino made repeated comments expressing shock or disbelief that her church allowed lesbians to attend.

- In reference to Plaintiff's age, Mr. Corvino would announce that he was enlarging his screen during presentations to help out the old folks in the meeting.

- Mr. Corvino commented that Plaintiff would not be considering a hysterectomy surgery is she weren't so old.

12. Plaintiff reported and otherwise complained to human resources about the harassing conduct on at least three separate occasions between February 2023 and her termination in June 2023.

13. After Plaintiff filed her complaints of harassment, Mr. Corvino continued to make harassing comments to and about Plaintiff and otherwise retaliated against Plaintiff through the remainder of her employment with Defendant.

14. In or around April 2023, Plaintiff reported concerns that she was being asked to engage in or support the unauthorized practice of nursing in states where the nurses under her supervision were not licensed.

15. On or about June 29, 2023, Plaintiff was told that the investigation into Plaintiff's complaints of harassment were completed.

16. On or about June 29, 2023 and within 15 minutes of Plaintiff being told that the investigation into her complaints of harassment were completed, Plaintiff received a call from human resources and Mr. Corvino, informing her that her employment was being terminated.

17. On or about December 1, 2023 and within 300 days of her termination, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission and/or the Kentucky Commission on Human Rights, asserting claims of discrimination and retaliation.

18. On or about January 8, 2025, the U.S. Equal Employment Opportunity Commission issued a Notice of Right to Sue letter to Plaintiff.

## COUNT I
## AGE DISCRIMINATION
## Violation of 29 U.S.C. § 623(a) and KRS § 344.040

19. Plaintiff herein incorporates by reference all allegations previously set forth in this Complaint, the same as if set forth verbatim herein.

20. After Plaintiff was promoted to Nurse Manager II in February 2023 and through the remainder of her employment with Defendant, Plaintiff was subjected to unwelcome discriminatory and harassing comments on the basis of her age by her direct supervisor, Chris Corvino.

21. The discrimination and persistent harassing comments about Plaintiff's age created a hostile work environment in violation of the Age Discrimination in Employment Act and the Kentucky Civil Rights Act.

22. After being put on notice of the harassing conduct, Defendant unreasonably failed to take prompt or appropriate corrective action.

23. Defendant's failure to take prompt and appropriate corrective action after being put on notice of a hostile work environment manifests indifference or unreasonableness in light of known facts.

24. As a direct and proximate result of Defendant's actions as set forth below, Plaintiff has suffered and is continuing to suffer irreparable harm and injury, including but not limited to a loss of income and benefits and emotional distress and mental anxiety, for which she is entitled to compensation.

## COUNT II
## SEX DISCRIMINATION
## Violation of 42 U.S.C. § 2000e-2(a) and KRS § 344.040

25. Plaintiff herein incorporates by reference all allegations previously set forth in this

Complaint, the same as if set forth verbatim herein.

26. After Plaintiff was promoted to Nurse Manager II in February 2023 and through the remainder of her employment with Defendant, Plaintiff was subjected to unwelcome discriminatory and harassing comments on the basis of her sex by her direct supervisor, Chris Corvino.

27. The discrimination and persistent harassing comments about Plaintiff's sex and/or sexual orientation created a hostile work environment in violation of Title VII of the Civil Rights Act of 1964 and the Kentucky Civil Rights Act.

28. After being put on notice of the harassing conduct, Defendant unreasonably failed to take prompt or appropriate corrective action.

29. Defendant's failure to take prompt and appropriate corrective action after being put on notice of a hostile work environment manifests indifference or unreasonableness in light of known facts.

30. As a direct and proximate result of Defendant's actions as set forth below, Plaintiff has suffered and is continuing to suffer irreparable harm and injury, including but not limited to a loss of income and benefits and emotional distress and mental anxiety, for which she is entitled to compensation.

**COUNT III**
**RELIGIOUS DISCRIMINATION**
**Violation of 42 U.S.C. § 2000e-2(a) and KRS § 344.040**

31. Plaintiff herein incorporates by reference all allegations previously set forth in this Complaint, the same as if set forth verbatim herein.

32. After Plaintiff was promoted to Nurse Manager II in February 2023 and through the remainder of her employment with Defendant, Plaintiff was subjected to unwelcome

discriminatory and harassing comments on the basis of her religion by her direct supervisor, Chris Corvino.

33. The discrimination and persistent harassing comments about Plaintiff's religion created a hostile work environment in violation of Title VII of the Civil Rights Act of 1964 and the Kentucky Civil Rights Act.

34. After being put on notice of the harassing conduct, Defendant unreasonably failed to take prompt or appropriate corrective action.

35. Defendant's failure to take prompt and appropriate corrective action after being put on notice of harassing conduct manifests indifference or unreasonableness in light of known facts.

36. As a direct and proximate result of Defendant's actions as set forth below, Plaintiff has suffered and is continuing to suffer irreparable harm and injury, including but not limited to a loss of income and benefits and emotional distress and mental anxiety, for which she is entitled to compensation.

**COUNT IV**
**RETALIATION**
**Violation of 29 U.S.C. § 623(d), 42 U.S.C. § 2000e-3(a), and KRS § 344.280**

37. Plaintiff herein incorporates by reference all allegations previously set forth in this Complaint, the same as if set forth verbatim herein.

38. Plaintiff engaged in protected activity, including but not limited to reporting and complaining to human resources about an unlawful hostile work environment created by Mr. Cordino.

39. After Plaintiff engaged in protected activity and because Plaintiff engaged in protected activity, Plaintiff was subject to adverse employment action by Defendant, including but not necessarily limited to being terminated, in violation of the Age Discrimination in

Employment Act of 1967, Title VII of the Civil Rights Act of 1964, and the Kentucky Civil Rights Act.

40. As a direct and proximate result of Defendant's actions as set forth below, Plaintiff has suffered and is continuing to suffer irreparable harm and injury, including but not limited to a loss of income and benefits and emotional distress and mental anxiety, for which she is entitled to compensation.

## COUNT V
## WRONGFUL TERMINATION

41. Plaintiff herein incorporates by reference all allegations previously set forth in this Complaint, the same as if set forth verbatim herein.

42. Plaintiff refused to violate the law in the course of her employment when, against management's direction, she refused to allow nurses working under her supervision to engage in the practice of nursing in states in which they were not licensed.

43. Plaintiff was terminated after she refused to violate the law in the course of her employment and because she refused to violate the law in the course of her employment.

44. As a direct and proximate result of Defendant's actions as set forth below, Plaintiff has suffered and is continuing to suffer irreparable harm and injury, including but not limited to a loss of income and benefits and emotional distress and mental anxiety, for which she is entitled to compensation.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A. For actual damages, including but not necessarily limited to lost wages and benefits and emotional distress damages in an amount being just;

B. For future lost wages and benefits;

C. For punitive damages;

D.  For an award of reasonable costs and attorney's fees; and

E.  For any and all other equitable and legal relief to which Plaintiff appears entitled.

Respectfully submitted,

*/s/Anthony J. Bucher*
Anthony J. Bucher
GATLIN VOELKER, PLLC
50 E. Rivercenter Blvd., Suite 1275
Covington, Kentucky 41011
Phone: 859-781-9100
tbucher@gatlinvoelker.com
*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff herein demands a trial by jury.

*/s/Anthony J. Bucher*
ANTHONY J. BUCHER